UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MIGUEL ANGEL CORRALES,<br><br>Defendant. | No. 1:18-cr-00016-DAD<br><br>ORDER DENYING DEFENDANT MIGUEL ANGEL CORRALES'S MOTION FOR REDUCTION OF SENTENCE UNDER 18 U.S.C. § 3582(c)(2)<br><br>(Doc. No. 60) |

On January 16, 2024, defendant Miguel Angel Corrales filed a *pro se* amended motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the U.S. Sentencing Guidelines.[1]  (Doc. No. 60.)  On February 13, 2024, the government filed an opposition to that motion.  (Doc. No. 61.)  Because defendant Corrales is not eligible for the relief he seeks, the court will deny his motion to reduce his sentence.

**BACKGROUND**

On October 5, 2020, pursuant to a plea agreement, defendant Corrales entered a plea of guilty to Count Two of a superseding indictment charging him with possession with the intent to distribute at least 500 grams of a mixture or substance containing a detectable amount of

---

[1] On December 27, 2023, defendant Corrales filed his first *pro se* motion to vacate and/or reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2).  (Doc. No. 58.)  However, on February 16, 2024, he filed a notice of the withdrawal of that motion which was acknowledged by the court.  (Doc. Nos. 62, 63.)

1

methamphetamine or 50 grams of actual methamphetamine in violation of 18 U.S.C. § 841(a)(1). (Doc. Nos. 30, 49.)

The presentence report ("PSR") prepared in defendant's case calculated his total offense level as 33 and his criminal history category as I (based on a finding of a criminal history score of 1), resulting in an advisory sentencing guidelines range calling for a term of imprisonment between 135 and 168 months. (Doc. No. 52 at 8, 10, 17.) However, at the sentencing hearing on February 8, 2021, the court varied downward and sentenced defendant to the mandatory minimum term of 120-months imprisonment that his count of conviction carried with it, along with a 60-month term of supervised release to follow (to become unsupervised if he is deported). (Doc. No. 57.) The court entered judgment on February 9, 2021. (*Id*.)

In his motion now pending before the court defendant Corrales moves to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2) based upon Amendment 821 to the U.S. Sentencing Guidelines. (Doc. No. 60 at 1.) Specifically, defendant contends that he is eligible for a sentence reduction based on Part A of Amendment 821 and new U.S. Sentencing Guidelines ("U.S.S.G.") § 4A1.1(e), which reduced the number of status points imposed where the defendant committed the offense while under any other criminal justice sentence. (*Id*. at 2.) On February 13, 2024, the government filed its opposition to the pending motion. (Doc. No. 61.) Defendant did not file a reply.[2]

For the reasons explained below, the court concludes that defendant is not eligible for relief under § 3582(c)(2) and his motion for a reduction of his sentence will therefore be denied

**ANALYSIS**

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021) (quoting *Dillon v. United States*, 560 U.S. 817, 819 (2010)); *see also* 18 U.S.C. § 3582(c); *United States v. Tadio*, 663 F.3d 1042, 1046 (9th Cir. 2011); *United States v. Barragan-Mendoza*, 174 F.3d 1024, 1028 (9th Cir. 1999) ("[D]istrict courts do not have 'inherent authority' to reconsider sentencing orders."). "But

---

[2] On April 15, 2024, this case was reassigned to the undersigned. (Doc. No. 64.)

this general rule is subject to several exceptions." *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021). One of those exceptions is found in 18 U.S.C. § 3582(c)(2), which provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

District courts are to engage in a "two-step inquiry" in determining whether a sentence reduction is appropriate under 18 U.S.C. § 3582(c)(2). *United States v. Brito*, 868 F.3d 875, 879 (9th Cir. 2017) (citing *Dillon*, 560 U.S. at 826). "First, a district court must determine whether a prisoner is eligible for a sentence reduction under the Commission's policy statement in § 1B1.10." *Id.* (citing *Dillon*, 560 U.S. at 827). "Second, a district court must 'consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.'" *Id*. The Ninth Circuit has "called these steps the 'eligibility prong' and the 'discretionary prong.'" *Id*. (quoting *United States v. Dunn*, 728 F.3d 1151, 1157 (9th Cir. 2013)).

As noted above, defendant Corrales asserts that he is eligible for a reduction to his sentence based on Part A of Amendment 821. (Doc. No. 60 at 2.) This portion of Amendment 821 decreases the number of "status points" received under U.S.S.G. § 4A1.1 by individuals who commit their offense while under a criminal justice sentence. However, defendant's PSR does not reflect that he was under any criminal justice sentence when he committed the offense for which he was sentenced by this court and he did not receive any status points. (Doc. No. 52 at 7–

/////

/////

/////

/////

10.) Therefore, defendant's motion fails at the first step of the inquiry, and he is simply ineligible for a reduction of his sentence based on Part A of Amendment 821.[3]

Because defendant is ineligible for a sentence reduction based on § 4A1.1, the court denies his motion to reduce sentence under 18 U.S.C. § 3582(c)(2).

**CONCLUSION**

For the reasons above, the court denies defendant's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), (Doc. No. 60). The Clerk of the Court is directed to close this case once again.

IT IS SO ORDERED.

Dated:  **June 26, 2024**                              *Dale A. Drozd*
                                                      DALE A. DROZD
                                                      UNITED STATES DISTRICT JUDGE

---

[3] Although defendant does not seek a reduction in his sentence pursuant to Part B of Amendment 821 (*see* Doc. No. 60 at 2), it is also clear that he is ineligible for relief under that provision as well. Part B of Amendment 821 concerns "zero-point offenders" and reduced the term of imprisonment for those who receive no criminal history points. U.S.S.G. § 4C1.1(a). Specifically, U.S.S.G. § 4C1.1(a) provides a 2-level downward adjustment for certain zero-point offenders provided that the defendant meets certain criteria. One of those criteria is that: "the defendant has not received any criminal history points." U.S.S.G. § 4C1.1(a)(1). Here, however, the PSR found that, based upon his adult criminal convictions, defendant received one criminal history point. (Doc. No. 52 at 8-10.) Because defendant received one criminal history point, he is also ineligible for an adjustment under U.S.S.G. § 4C1.1. *See, e.g., United States v. Martinez-Rodriguez*, No. 3:13-cr-00452-HZ, 2024 WL 65141, at *2 (D. Or. Jan. 5, 2024); *United States v. Perez*, No. 1:17-cr-00007-JLT-SKO, 2024 WL 626940, at *1 (E.D. Cal. Feb. 14, 2024) (denying a motion for sentence reduction based on § 4C1.1 where defendant had two criminal history points).