UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MIGUEL ANGEL CORRALES,<br><br>Defendant. | No.  1:18-cr-00016-DAD<br><br><br>ORDER DISMISSING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 FOR FAILURE TO PROSECUTE<br><br>(Doc. No. 66.) |

Defendant Miguel Angel Corrales ("Movant") was a federal prisoner proceeding in this action *pro se* with a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. No. 66.)

On July 29, 2024, Movant filed the pending § 2255 motion, asserting that he received ineffective assistance from his trial counsel. (*Id.*) Specifically, Movant asserted that his trial counsel rendered ineffective assistance by failing to: (1) effectively acquire discovery materials and share them with him; and (2) adequately explain to him the options of pleading guilty or proceeding to trial. (*Id.* at 4–6.) As a result, Movant claims that his entry of guilty plea to possession with the intent to distribute methamphetamine in this case was invalid because it was not knowingly, intelligently, and voluntarily entered. (*Id.* at 7.)

/////

1

On October 1, 2024, the government filed an opposition to the pending § 2255 motion. (Doc. No. 72.)  Therein, the government pointed out that Movant's previous motion for a reduction of sentence based upon USSG Amendment 821 had been denied by the court on June 27, 2024.  (*Id.* at 2.)  The government also argued that:  (1) Movant's § 2255 motion was filed more than two years after the time in which he had to do so expired and was therefore time-barred; (2) Movant had waived his present claims as part of his plea agreement; (3) Movant's current claims were procedurally defaulted due to his failure to raise them on appeal; and (4) Movant's current claims are belied by the record in this case and therefore meritless.  (*Id.* at 3–9.)[1]  Movant did not file a reply to the government's opposition.

A December 16, 2025 court order (Doc. No. 73) was served on Movant by mail at his address of record and was returned to the court by the U.S. Postal Service as "Not Deliverable – Unable to Forward."  (Doc. No.  74.)  The U.S. Bureau of Prisons (BOP) Inmate Locator website reflects that Movant Corrales is no longer in BOP custody as of August 19, 2025.  *See* https://www.bop.gov/inmateloc/.  It appears clear that Movant has failed to comply with Local Rule 183, which requires that a party appearing *in propria persona* inform the court of any address change.  More than thirty days have passed since Movant's release from BOP custody and Movant has failed to notify the Court of a current address.

Accordingly, Movant's § 2255 motion (Doc. No. 66) is hereby denied without prejudice due to Movant's failure to prosecute.  *See* Local Rule 183.  The Clerk of the Court is directed to once again close this case.

IT IS SO ORDERED.

Dated:   **January 30, 2026**                    _Dale A. Drozd_____
                                                 DALE A. DROZD
                                                 UNITED STATES DISTRICT JUDGE

---

[1] Although the pending § 2255 motion is being denied due to Movant's failure to prosecute, it also appears that the government's first, second, and fourth arguments in opposition to the § 2255 motion are clearly meritorious.

2